O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
|  | Case No. 5:14-CV-01911 (VEB) |
| JOSEPH L. SMITH, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In May of 2011, Plaintiff Joseph L. Smith applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Kenneth W. Drake, Esq., commenced this

1   action seeking judicial review of the Commissioner's denial of benefits pursuant to

2   42 U.S.C. §§ 405 (g) and 1383 (c)(3).

3        The parties consented to the jurisdiction of a United States Magistrate Judge.

4   (Docket No. 8, 52). On July 6, 2016, this case was referred to the undersigned

5   pursuant to General Order 05-07. (Docket No. 54).

6

7                              **II. BACKGROUND**

8        Plaintiff applied for benefits on May 31, 2011, alleging disability beginning

9   August 1, 2009, due to various impairments. (T at 19).[1]  The application was denied

10  initially and on reconsideration.    Plaintiff requested a hearing before an

11  Administrative Law Judge ("ALJ").   On December 6, 2012, a hearing was held

12  before ALJ Tamara Turner-Jones. (T at 31).  Plaintiff appeared with his attorney and

13  testified. (T at 34-52).   The ALJ also received testimony from Gloria Lasoff, a

14  vocational expert (T at 52-56).

15       On December 28, 2012, the ALJ issued a written decision denying the

16  application for benefits.    (T at 16-30).    The ALJ's decision became the

17  Commissioner's final decision on July 18, 2014, when the Appeals Council denied

18  Plaintiff's request for review. (T at 1-6).

19  [1] Citations to ("T") refer to the administrative record at Docket No. 16

20

DECISION AND ORDER – SMITH v COLVIN 5:14-CV-01911 (VEB)

1     On September 14, 2014, Plaintiff, acting by and through his counsel, filed this

2    action seeking judicial review of the Commissioner's decision. (Docket No. 1). The

3    Commissioner interposed an Answer on February 12, 2015. (Docket No. 15).  The

4    parties filed a Joint Stipulation on May 23, 2016. (Docket No. 51).  Pursuant to an

5    Order of this Court, the parties filed supplemental memoranda of law in October of

6    2016. (Docket Nos. 61, 62).

7     After reviewing the pleadings, Joint Stipulation, supplemental memoranda of

8    law, and administrative record, this Court finds that the Commissioner's decision

9    should be affirmed and this case should be dismissed.

10    **III. DISCUSSION**

11    **A.    Sequential Evaluation Process**

12     The Social Security Act ("the Act") defines disability as the "inability to

13    engage in any substantial gainful activity by reason of any medically determinable

14    physical or mental impairment which can be expected to result in death or which has

15    lasted or can be expected to last for a continuous period of not less than twelve

16    months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

17    claimant shall be determined to be under a disability only if any impairments are of

18    such severity that he or she is not only unable to do previous work but cannot,

19    considering his or her age, education and work experiences, engage in any other

20

1  substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

2  1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

3  vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

4      The Commissioner has established a five-step sequential evaluation process

5  for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

6  one determines if the person is engaged in substantial gainful activities. If so,

7  benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the

8  decision maker proceeds to step two, which determines whether the claimant has a

9  medically severe impairment or combination of impairments. 20 C.F.R. §§

10 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

11     If the claimant does not have a severe impairment or combination of

12 impairments, the disability claim is denied. If the impairment is severe, the

13 evaluation proceeds to the third step, which compares the claimant's impairment(s)

14 with a number of listed impairments acknowledged by the Commissioner to be so

15 severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii),

16 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

17 equals one of the listed impairments, the claimant is conclusively presumed to be

18 disabled. If the impairment is not one conclusively presumed to be disabling, the

19 evaluation proceeds to the fourth step, which determines whether the impairment

20

DECISION AND ORDER – SMITH v COLVIN 5:14-CV-01911 (VEB)

1    prevents the claimant from performing work which was performed in the past. If the

2    claimant is able to perform previous work, he or she is deemed not disabled. 20

3    C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual

4    functional capacity (RFC) is considered. If the claimant cannot perform past relevant

5    work, the fifth and final step in the process determines whether he or she is able to

6    perform other work in the national economy in view of his or her residual functional

7    capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

8    416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

9        The initial burden of proof rests upon the claimant to establish a *prima facie*

10   case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

11   Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden

12   is met once the claimant establishes that a mental or physical impairment prevents

13   the performance of previous work. The burden then shifts, at step five, to the

14   Commissioner to show that (1) plaintiff can perform other substantial gainful

15   activity and (2)  a "significant number of jobs exist in the national economy" that the

16   claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

17   **B.    Standard of Review**

18       Congress has provided a limited scope of judicial review of a Commissioner's

19   decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

20

1    made through an ALJ, when the determination is not based on legal error and is

2    supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

3    1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

4         "The [Commissioner's] determination that a plaintiff is not disabled will be

5    upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

6    *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

7    evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

8    n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

9    599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

10   reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

11   *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

12   conclusions as the [Commissioner]  may reasonably draw from the evidence" will

13   also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

14   the Court considers the record as a whole, not just the evidence supporting the

15   decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

16   1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

17        It is the role of the Commissioner, not this Court, to resolve conflicts in

18   evidence.  *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

19   interpretation, the Court may not substitute its judgment for that of the

20

DECISION AND ORDER – SMITH v COLVIN 5:14-CV-01911 (VEB)

1  Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

2  Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

3  set aside if the proper legal standards were not applied in weighing the evidence and

4  making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

5  432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the

6  administrative findings, or if there is conflicting evidence that will support a finding

7  of either disability or non-disability, the finding of the Commissioner is conclusive.

8  *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

9  **C.    Commissioner's Decision**

10  The ALJ determined that Plaintiff met the insured status requirements of the

11  Social Security Act through March 31, 2010 (the "date last insured") and did not

12  engage in substantial gainful activity between August 1, 2009 (the alleged onset

13  date) and, March 31, 2010, the date last insured.  (T at 21).  The ALJ found that

14  Plaintiff's hypertension, hernias, and diverticulitis were "severe" impairments under

15  the Act. (Tr. 21).

16  However, the ALJ concluded that, as of the date last insured, Plaintiff did not

17  have an impairment or combination of impairments that met or medically equaled

18  one of the impairments set forth in the Listings. (T at 22).

19

20

7

DECISION AND ORDER – SMITH v COLVIN 5:14-CV-01911 (VEB)

1    The ALJ determined that, as of the date last insured, Plaintiff retained the

2   residual functional capacity ("RFC") to perform a range of light work as defined in

3   20 CFR § 416.967 (b), as follows: he can lift/carry 20 pounds occasionally and 10

4   pounds frequently; stand/walk for 6 hours in an 8-hour workday with regular breaks;

5   sit for 6 hours in an 8-hour workday with regular breaks; unlimited pushing/pulling;

6   frequent kneeling, stooping, crouching, crawling; frequent climbing ramps and

7   stairs; occasional climbing ladders, ropes, or scaffolds; no restrictions on fine or

8   gross manipulation with hands; must avoid pulmonary irritants; can maintain

9   concentration, attention, persistence, pace in at least 2 hour blocks of time to

10  complete a normal workday; can interact and respond appropriately to co-workers,

11  supervisors, and the public; can perform detailed and complex tasks; must be

12  without 50 feet of a restroom and have it accessible to him. (T at 23).

13    The ALJ found that, as of the date last insured, Plaintiff could perform his past

14  relevant work as vice president of a film studio. (T at 25).      As such, the ALJ

15  found that Plaintiff was not entitled to benefits under the Social Security Act from

16  August 1, 2009 (the alleged onset date) through March 31, 2010 (the date last

17  insured). (T at 26).  As noted above, the ALJ's decision became the Commissioner's

18  final decision when the Appeals Council denied Plaintiff's request for review. (T at

19  1-6).

20

**D.     Disputed Issues**

The briefing in this case left much to be desired.  The portion of the Joint Stipulation drafted by Plaintiff's counsel used very small font, narrow line spacing, excessive bolding and block quotations, and very disjointed argumentation.  The sections prepared by the Commissioner's counsel were conclusory and consisted of significant "boilerplate" citations to general legal authority.  The quality of the briefing did not improve much, even after this Court issued an Order directing supplemental memoranda of law.  Nevertheless, this Court has endeavored to carefully consider the record and discern the arguments of counsel, as amplified by the supplemental briefing.

**IV. ANALYSIS**

An ALJ's assessment of a claimant's residual functional capacity ("RFC") must be upheld if the ALJ has applied the proper legal standard and substantial evidence in the record supports the decision. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ must consider all the medical evidence in the record and "explain in [her] decision the weight given to . . . [the] opinions from treating sources, nontreating sources, and other nonexamining sources." 20 C.F.R. § 404.1527(e)(2)(ii); see also § 404.1545(a)(1).

9

DECISION AND ORDER – SMITH v COLVIN 5:14-CV-01911 (VEB)

1    In determining a claimant's RFC, an ALJ considers those limitations for

2  which there is support in the record and need not consider properly rejected

3  evidence. *See Bayliss*, 427 F.3d at 1217.

4    In the present case, the period at issue (the "relevant time period") spans eight

5  months – August 1, 2009 (the alleged onset date) through March 31, 2010 (the date

6  last insured).   The parties agree that Plaintiff is not entitled to benefits unless he

7  became disabled, as defined under the Social Security Act, prior to the date last

8  insured.

9    The ALJ concluded that Plaintiff retained the RFC to perform his past relevant

10  work through the date last insured. (T at 25).  Plaintiff worked as vice president of

11  sales for a film company until 2009, when he was laid off. (T at 23).   His primary

12  allegation of disability relates to diverticulitis.   In particular, Plaintiff wears a

13  colostomy bag, which sometimes leaks fecal matter. (T at 23-24).

14    In September of 2009 (which is during the relevant time period), Plaintiff

15  sought treatment for painful urination and feces in his urine. (T at 45, 48).   During

16  late 2009 and early 2010, he was treated several times for complaints of painful

17  urination. (T at 1037, 1039-40, 1041-42).   Plaintiff was hospitalized on March 18,

18  2010, where he was diagnosed with sepsis, diverticulitis with contained perforations,

19

20

DECISION AND ORDER – SMITH v COLVIN 5:14-CV-01911 (VEB)

1   and renal failure. (T at 783).   Abdominal and pelvis CT scans were significant in

2   their finding of diverticulitis and issues with Plaintiff's colon. (T at 783).

3          On March 20, 2010, Dr. Brad Wolfson removed a portion of Plaintiff's

4   descending colon and found feces entering the bladder from an abnormal opening in

5   the colon. (T at 792).  "[E]xtensive fibrosis" was noted along the sigmoid colon. (T

6   at 795).   Post-surgical pathology noted evidence of "extensive diverticular disease

7   with diverticultis" and "severe acute and chronic inflammation and hemorrhage

8   consistent with fistula." (T at 80).

9          In November of 2010 (after the relevant time period), Plaintiff experienced

10   severe symptoms, including abdominal sepsis, necrotic bowel, respiratory distress,

11   and atrial fibrillation. (T at 572, 934, 941, 947-48).   He was in a coma for an

12   extended period. (T at 572).

13          Plaintiff also alleges disabling mental health symptoms.   Plaintiff had an

14   extensive history regarding mental illness prior to the alleged onset date, including

15   nine hospitalizations in 2008. (T at 222, 226, 230, 239, 241, 248, 251, 259, 260-61,

16   264, 266, 272, 275).   He was assigned Global Assessment of Functioning ("GAF")

17   scores[2] of 15, 30, 40, and 50 (T at 222, 224, 228, 232, 237, 263).[3]

18   _____

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational
functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161,
1164 n.2 (9th Cir. 1998).

19

20

1    A CT scan of the brain taken in March of 2011, after the date last insured,

2    showed moderate cerebral atrophy with findings consistent with more remote

3    ischemic change involving frontoparitel regions bilaterally left greater than right. (T

4    at 613).

5    The ALJ was faced with the task of determining whether Plaintiff was

6    disabled during the relevant 8-month period.  The ALJ provided a detailed summary

7    and analysis of the evidence.  She noted that Plaintiff continued participating in

8    bodybuilding activities after the date last insured and stated that he would have

9    worked during the relevant time period if work had been available. (T at 24).  The

10   ALJ noted that a significant majority of the evidence of alleged disability related to

11   the period after the relevant time period.  (T at 24).

12   The record shows severe symptoms prior to the alleged onset date (primarily

13   mental health symptoms) and significant symptoms after the date last insured

14   (primary related to diverticulitis and bowel issues), but almost no actual evidence of

15   disabling symptoms during the relevant time period.

16   3 "A GAF of 15 means '[s]ome danger of hurting self or others (e.g., suicide attempts without
clear expectation of death; frequently violent; manic excitement) or occasionally fails to maintain
17   minimal personal hygiene (e.g., smears feces) or gross impairment in communication (e.g., largely
incoherent or mute).'" *Springfield v. Singh*, No. CV 07-5059, 2012 U.S. Dist. LEXIS 88498, at
18   *64 n. 15 (C.D. Cal. Apr. 30, 2012)(citation omitted). "A GAF score of 31-40 indicates some
impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or
irrelevant) or major impairment in several areas such as work or school, family relations,
19   judgment, thinking or mood." *Tagin v. Astrue*, No. 11-cv-05120, 2011 U.S. Dist. LEXIS 136237 at
*8 n.1 (W.D.Wa. Nov. 28, 2011)(citations omitted).

20

DECISION AND ORDER – SMITH v COLVIN 5:14-CV-01911 (VEB)

1    This Court issued a specific Order directing Plaintiff to provide citations to

2    evidence showing disability during the relevant period or, in the alternative,

3    evidence that conditions or treatments that post-dated the relevant time period

4    nevertheless established disability during that period.

5    Plaintiff responded by essentially reiterating the extensive evidence that post-

6    dates and pre-dates the relevant time period.  Although that evidence is troubling and

7    causes this Court to sympathize with Plaintiff's plight, it does not establish a basis to

8    disturb the ALJ's conclusion that there was insufficient evidence of disabling

9    limitations *during the relevant time period*.  Indeed, there is evidence supporting the

10   ALJ's conclusion that Plaintiff was not disabled, as defined under the Social

11   Security Act, during this period.   A December 2009 examination noted "no

12   significant objective findings …." (T at 24, 1037-38).   Although Plaintiff was

13   hospitalized and had surgery in March of 2010, shortly after his surgery, he

14   "reported no complaints, … was alert and oriented" and an examination was

15   "unremarkable other than his blood pressure." (T at 25, 733, 736, 738-38, 744).

16   With regard to his mental health impairments, Plaintiff cites to extensive

17   evidence of serious issues that *pre*-dated the relevant time period, but no evidence

18   demonstrating disabling mental health limitations during the relevant time period.

19   The fact that Plaintiff resumed his employment after the 2008 period of significant

20

DECISION AND ORDER – SMITH v COLVIN 5:14-CV-01911 (VEB)

1    mental health symptoms indicates that those symptoms were not disabling after that

2    period.

3        Plaintiff notes, correctly, that the mere fact that evidence was generated before

4    or after the date last insured does not render such evidence *per se* irrelevant to

5    determining disability during the relevant time period.  However, the ALJ offered a

6    detailed rationale, rooted in the evidence, as to why the evidence from before and

7    after the relevant time period did not establish disabling limitations during the

8    relevant time period.

9        Although provided with more than one opportunity, Plaintiff has not

10   articulated a cogent case, supported by citations to the record, to establish that the

11   ALJ erred in this regard.   The fact that Plaintiff may interpret the evidence

12   differently is not enough.  It is the role of the Commissioner, not this Court, to

13   resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

14   1989); *Richardson*, 402 U.S. at 400.  If the evidence supports more than one rational

15   interpretation, this Court may not substitute its judgment for that of the

16   Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial

17   evidence to support the administrative findings, or if there is conflicting evidence

18   that will support a finding of either disability or nondisability, the Commissioner's

19   finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

20

1   Here, the ALJ's decision was supported by substantial evidence and must therefore

2   be sustained.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that

3   if evidence reasonably supports the Commissioner's decision, the reviewing court

4   must uphold the decision and may not substitute its own judgment).

5       This Court expresses concern and sympathy for Plaintiff, who appears to have

6   experienced a serious mental health episode prior to the alleged onset date and who

7   definitely has significant health challenges after the date last insured.  However, this

8   Court's review is constrained by the deferential standard of administrative review

9   and by the clear requirement of establishing disability during a time period defined

10  by the applicable law.

11              **V.    CONCLUSION**

12      After carefully reviewing the administrative record, this Court finds

13  substantial evidence supports the Commissioner's decision, including the objective

14  medical evidence and supported medical opinions. It is clear that the ALJ thoroughly

15  examined the record, afforded appropriate weight to the medical evidence, including

16  the assessments of the examining medical providers and the non-examining

17  consultants, and afforded the subjective claims of symptoms and limitations an

18  appropriate weight when rendering a decision that Plaintiff is not disabled. This

19  Court finds no reversible error and because substantial evidence supports the

20

DECISION AND ORDER – SMITH v COLVIN 5:14-CV-01911 (VEB)

1   Commissioner's decision, the Commissioner is GRANTED summary judgment and

2   that Plaintiff's motion for judgment summary judgment is DENIED.

3

4                                **VI. ORDERS**

5          IT IS THEREFORE ORDERED that:

6          Judgment   be   entered   AFFIRMING   the   Commissioner's   decision   and

7   DISMISSING this action, and it is further ORDERED that

8          The Clerk of the Court file this Decision and Order and serve copies upon

9   counsel for the parties.

10          DATED this 31st day of March, 2017,

11                                    /s/Victor E. Bianchini
                                      VICTOR E. BIANCHINI
12                                    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20                                     16